# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**ROBERT NELSON CLIFTON,**  )
)
Petitioner, )
)
v. ) Case No. CIV 20-173-RAW-KEW
)
**SCOTT CROW, DOC Director,** )
)
Respondent. )

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations (Dkt. 7). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma. He is attacking his conviction and sentence in Muskogee County District Court Case No. CF-2009-758 for four counts of First Degree Rape. He raises two grounds for habeas relief:

I. DNA Test: My DNA test will prove what im [sic] trying to state and the fact that I was not alowed [sic] to testyfy [sic].

II. The DNA proves my case I have spent 11 years fighting and the DNA and my testymony [sic] proves it.

(Dkt. 1 at 5, 7).[1]

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). Petitioner has not filed a response to Respondent's motion.

Section 2244(d) provides that:

---

[1] Respondent "notes" in a footnote in his brief in support of the motion to dismiss time-barred petition that all of Petitioner's grounds for relief are unexhausted, because Petitioner never presented the claims to the OCCA (Dkt. 8 at 13 n.6). Inexplicably, however, this assertion was not presented as an actual argument in the motion to dismiss (Dkt. 7) or the brief in support of the motion. *See Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994) ("A threshold question that must be addressed in every habeas case is that of exhaustion.").

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  The following dates are pertinent to the motion to dismiss:

**03/16/2012**   Petitioner's direct appeal was affirmed on direct appeal by the Oklahoma Court of Criminal Appeals (OCCA) in Case No. F-2010-1080 (Dkt. 8-3).

**06/14/2012**   Petitioner's conviction became final upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court.

**06/15/2012**   Petitioner's one-year statute of limitations began to run.

**06/15/2013**   The statute of limitations expired.  Because this date fell on a Saturday, Petitioner had until Monday, June 17, 2013, to file a timely habeas petition.

**07/09/2013**   Petitioner filed an application for post-conviction relief in the Muskogee County District Court (Dkt. 8-5).

**06/18/2014**   Petitioner filed a petition for a writ of mandamus against the Muskogee County District Court in Case No. MA-2014-535, complaining of delay in his post-conviction proceedings (Dkt. 8-7).  On July 14, 2014, the OCCA declined jurisdiction for Petitioner's failure to serve the state district court with adequate notice (Dkt. 8-9)

**08/06/2014**   Petitioner filed a second petition for a writ of mandamus against the Muskogee County District Court in OCCA Case No. MA-2014-684, again complaining of the delay in disposition of his post-conviction application (Dkts. 8-10, 8-11)  On September 30, 2014, the OCCA directed the state district court to dispose of the post-conviction application (Dkt. 8-12).

**11/03/2014**   The Muskogee County District Court denied Petitioner's application for post-conviction relief (Dkt. 8-13).  On November 10, 2014, Petitioner filed a notice of post-conviction appeal (Dkt. 8-14), however, he apparently never perfected a post-conviction appeal to the OCCA.

**12/01/2014**   The OCCA dismissed as moot Petitioner's second mandamus petition (Dkt. 8-15).

**05/12/2015**   Petitioner filed a motion to strike his first post-conviction application and order nunc pro tunc (Dkt. 8-16).

**07/16/2015**   Petitioner filed a second application for post-conviction relief, claiming the state district court lacked jurisdiction in Case No. CF-2009-758 because of lack of evidence, actual innocence, and ineffective assistance of appellate counsel (Dkt. 8-17).

**12/21/2015**   Petitioner filed a motion to dismiss his indictment and case with prejudice, arguing the prosecutor improperly kept grand jury logs, the prosecutor testified as a fact witness, the Information was "multiplicious," and there was a "secret agreement" between the prosecutor and the defense to prevent Petitioner from seeing the grand jury records (Dkt. 8-18).

**02/19/2016**   Petitioner filed a second motion to dismiss indictment with prejudice (Dkt. 8-19).

**03/09/2016**   Petitioner filed a third motion to dismiss indictment, arguing the state district court and the court clerk were conspiring and failing to file his submitted documents (Dkt. 8-20).  Also on this date, he filed an ex parte petition for a writ of error quo warrento and dismissal of case (Dkt. 8-21).

**04/18/2016**   Petitioner filed a fourth motion to dismiss, arguing he was entitled to dismissal of the case because of the State's failure to object to his previous motions (Dkt. 8-23).

**06/01/2016**   Petitioner filed a motion to compel, requesting that the district court order the State to respond to his previous motions to dismiss (Dkt. 8-24).

**08/29/2016**   Petitioner filed a fifth motion to dismiss indictment and judgment due to void judgment, arguing the district court had improperly refused to hear arguments on his various motions and requests (Dkt. 8-25).

**12/05/2016**   Petitioner filed a sixth motion to dismiss indictment due to

3

violations of due process, again claiming that the state district court and the court clerk were conspiring and had failed to file his submitted documents (Dkt. 8-26).

**06/06/2017**   Petitioner filed a seventh motion to dismiss indictment and judgment based on fraud on the court, alleging the State and the district court violated the law by illegally imprisoning him and failing to respond to his motions (Dkt. 8-28).  On the same date, the Muskogee County District Court set a hearing on Petitioner's motions for July 14, 2017 (Dkt. 8-29).

**05/26/2020**   Petitioner filed a motion for sentence modification, presenting his version of the crimes and the trial and his claim of innocence (Dkt. 8-30).

**05/28/2020**   The Muskogee County District Court denied Petitioner's request for "sentence modification," noting that he was not eligible under the state statute (Dkt. 8-31).

**06/05/2020**   Petitioner filed this petition for a writ of habeas corpus (Dkt. 1).

The record shows that Petitioner's direct appeal of his conviction was affirmed by the OCCA on March 16, 2012, in Case No. F-2010-1080.  His conviction, therefore, became final on June 14, 2012, upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court.  *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007);  *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has passed).  The statutory year began to run the next day on June 15, 2012, and it expired on June 15, 2013.  This date was a Saturday, therefore, Petitioner had until Monday, June 17, 2013, to file a timely habeas petition.  This habeas corpus petition, filed on June 5, 2020, was overdue by almost seven years.

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending.  Because Petitioner did not initiate his post-conviction proceedings until July 9, 2013, after the June 17, 2013, expiration of the limitation period, there is no statutory tolling.  *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. §

4

2244(d)(2)).

To the extent Petitioner may be arguing his petition is timely pursuant to 28 U.S.C. § 2244(d)(1)(D) because DNA test results show he is actually innocent, the Oklahoma State Bureau of Investigation laboratory report has been in existence since October 6, 2009. Furthermore, the results were known to Petitioner at least as early as his trial in July 2010. Under § 2244(d)(1)(D), the relevant triggering date is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See also Pacheco v. Artuz*, 193 F. Supp. 2d 756, 760 (S.D.N.Y. 2002) (the factual predicate triggering date runs "'from the date a petitioner is on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim'" (quoting *Youngblood v. Greiner*, No. 97 Civ. 3289 (DLC), 1998 WL 720681, at *4 n.4 (S.D.N.Y. Oct. 13, 1998)).

Here, although the laboratory report was not admitted at Petitioner's trial, testimony from the lead investigator established that she seized certain items from Petitioner's residence--a Barbie sleeping bag, a red stuffed dog, a white floral bedspread, a blue bath towel, a green bath towel, and a green sleeping bag--because of the victim's descriptions of the rapes and the locations of the rapes, and because of the possibility that these items may have contained evidence of the rapes (Dkt. 8-36 at 31-32, Excerpt from Transcript of Jury Trial Volume V).

Then, according to the investigator, she submitted these items to the OSBI for semen and blood (DNA) analysis to determine if any of the items contained blood evidence from the victim (Petitioner's daughter) or semen evidence from Petitioner. *Id*. at 40-41. The investigator, however, testified that nothing of evidentiary value was discovered on these items. *Id*. at 40-41. Defense counsel even confronted the investigator with the laboratory

report--although the document was not admitted as an exhibit. *Id*. at (Ex. 36 at 108-09). In his appeal to the OCCA, Petitioner acknowledged that the OSBI found no evidence of blood or semen on the items submitted for analysis (Dkt. 8-1 at 14) ("Nothing of evidentiary value was found on any of the tested items.").

The Court further notes Petitioner filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the Western District of Oklahoma on November 14, 2011, in Case No. CIV 11-1353-M (Dkt. 8-32). He alleged in the complaint that the Oklahoma State Bureau of Investigation "tested all of the bedding, sleeping bag, and other materials taken from my house, as well as my D.N.A., everything came out negitive [sic]" *Id*. at 3. Further, in his Brief in Support of his first Application for Post-Conviction Relief, filed on July 9, 2013, Petitioner noted the lack of DNA evidence on the items seized by the State (Dkt. 8-6 at 11). Also, in the brief accompanying his second application for post-conviction relief, filed on July 16, 2015, Petitioner again mentioned the lack of DNA evidence and attached the relevant laboratory report to his brief (Dkt. 8-17 at 7, 16). Clearly, Petitioner has known about the laboratory report and DNA results at least since his trial in 2010. Thus, even if Petitioner's grounds for relief stated cognizable constitutional claims that depended on the laboratory report as a factual predicate, 28 U.S.C. § 2244(d)(1)(D) cannot apply.

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary

6

circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (2007) (citations omitted). Petitioner must make a specific showing of (1) lack of access to relevant materials and (2) the steps taken to diligently pursue his federal claims. *See Miller*, 141 F.3d at 978.

Petitioner states in his petition, "I have not been able to apply for relief do to my lack of The understanding of The law my family has paid lawyers to assist but They have left me still confused The law is something I don't understand." (Dkt. 1 at 13) (errors in original). The Court finds Petitioner's claim that he is ignorant of the law is not an "extraordinary circumstance" deserving of equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citations omitted).

The Court further finds Petitioner has failed to demonstrate he is actually innocent of his crimes. A time-barred petitioner asserting a claim of actual innocence must "support his allegations of constitutional error with new reliable evidence--whether it is exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidenc--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioner has not made that showing. Thus, Respondent's motion to dismiss must be GRANTED.

Finally, the Court finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss time-barred petition (Dkt. 7) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 24th day of March 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma